UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LYNELL WILLIS, JR. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:19-CV-139-CHB |
| ) | |
| v. ) | |
| ) | |
| COMMUNICARE OF ELIZABETHTOWN ) | |
| *et al.*, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Lynell Willis, Jr., initiated this *pro se* action on February 15, 2019. On February 27, 2019, the Clerk of Court issued a Notice of Deficiency regarding the complaint, summonses, and the filing fee. The Notice of Deficiency advised Plaintiff that failure to cure these deficiencies within 30 days would result in the matter being brought to the attention of the Court. After 30 days passed without compliance by Plaintiff, the Court entered an Order on April 25, 2019, directing Plaintiff to file his complaint on a Court-supplied 42 U.S.C. § 1983 form; complete the attached blank summons forms for each Defendant; and either pay the $400.00 filing fee for this action or file an application to proceed without prepayment of fees. Plaintiff was warned that his failure to comply with the Order within 30 days would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. More than 30 days have passed, and Plaintiff has not complied with this Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled

to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment generally accorded to *pro se* litigants has limits. . . . Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff has failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court will dismiss this action by separate Order.

Date: July 18, 2019

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
A958.011